**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-1472

ROLBIN ANTONIO ROMERO-ARGUIJO,

Petitioner,

v.

PAMELA JO BONDI, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  December 23, 2025                    Decided:  December 30, 2025

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:**  Abdoul A. Konare, KONARE LAW, Frederick, Maryland, for Petitioner. Brett A. Shumate, Assistant Attorney General, David J. Schor, Senior Litigation Counsel, Krishana Patel, Trial Attorney, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rolbin Antonio Romero-Arguijo, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (Board) order affirming the immigration judge's (IJ) denial of Romero-Arguijo's applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The Board affirmed the IJ's findings that Romero-Arguijo was not credible and that the documentary evidence he submitted was not sufficient to provide independent corroboration of his claim. On appeal, Romero-Arguijo argues that the IJ's adverse credibility finding was clearly erroneous and not supported by substantial evidence, the IJ and the Board failed to give weight to his corroborating evidence, and the denial of CAT relief was erroneous. We deny the petition for review.

The IJ, after "[c]onsidering the totality of the circumstances, and all relevant factors, may make an adverse credibility determination." *Hui Pan v. Holder*, 737 F.3d 921, 928 (4th Cir. 2013) (citation modified). In evaluating the applicant's credibility, the IJ has "broad discretion" to consider:

> the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

2

*Herrera-Alcala v. Garland*, 39 F.4th 233, 245 n.10 (4th Cir. 2022) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). A trier of fact who rejects an applicant's testimony on credibility grounds "must provide specific, cogent reasons" for doing so. *Djadjou v. Holder*, 662 F.3d 265, 273 (4th Cir. 2011). The IJ "may not rely on speculation, conjecture, or an otherwise unsupported personal opinion to discredit an applicant's testimony or [his] corroborating evidence," *Marynenka v. Holder*, 592 F.3d 594, 601 (4th Cir. 2010) (citation modified), or "cherry pick facts or inconsistencies to support an adverse credibility finding that is unsupported by the record as a whole," *Ilunga v. Holder*, 777 F.3d 199, 207 (4th Cir. 2015) (citation modified). But "[a] single testimonial discrepancy, particularly when supported by other facts in the record, may be sufficient to find an applicant incredible in some circumstances." *Id*.

We review adverse credibility findings for substantial evidence, a "narrow and deferential review." *Munyakazi v. Lynch*, 289 F.3d 291, 298 (4th Cir. 2016) (citation modified). Here, the Board agreed that Romero-Arguijo made conflicting and inconsistent statements as identified by the IJ in reaching the adverse credibility determination and held, based on a totality of the circumstances, that the IJ's adverse credibility finding was not clearly erroneous. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); 8 C.F.R. § 1003.1(d)(3)(i) (setting forth Board's standard of review for factual findings, including credibility determinations). Upon review, we conclude that substantial evidence supports this determination. *See Ilunga*, 777 F.3d at 207 (recognizing that "omissions, inconsistent statements, contradictory evidence, and inherently improbable testimony are appropriate bases for making an adverse credibility determination" (citation modified)).

3

We also review the denial of protection under the CAT for substantial evidence. *Munyakazi*, 829 F.3d at 301. Unlike with asylum, an "adverse credibility finding is relevant to the CAT determination, but not determinative." *Ibarra Chevez v. Garland*, 31 F.4th 279, 288 (4th Cir. 2022); *see also Camara v. Ashcroft*, 378 F.3d 361, 371 (4th Cir. 2004). Here, because the adverse credibility finding undermines Romero-Arguijo's claim for CAT protection, he must show the likelihood of torture with independent corroborating evidence. *See Ibarra Chevez*, 31 F.4th at 288-89, 293. But Romero-Arguijo failed to provide evidence compelling the conclusion that he would face a particularized risk of torture if he returns to Honduras.

Accordingly, we deny this petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

4